52 CCPA

**Application of Melvin H. BOLDT.**
**Patent Appeal No. 7292.**

United States Court of Customs
and Patent Appeals.
May 13, 1965.

Rich, J., dissented.

John J. Pederson, Chicago, Ill. (Homer R. Montague, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

The question here is whether the Board of Appeals committed reversible error in affirming the rejection on prior art of the sole claim [1] in Boldt application serial No. 62,232, filed September 21, 1960, for a design patent for a "Radio Cabinet."

The application discloses a cabinet with a rectangular front divided along a vertical line into two rectangular portions, one relatively narrow, the other relatively wide. The narrow portion is provided with a circular tuning dial centrally located thereon, and a circular control knob of smaller diameter disposed directly thereunder.

The larger rectangular portion constitutes the grille behind which the speaker is normally disposed. It is provided throughout with evenly, closely spaced apertures and has a circularly brushed appearance. Appellant states:

"The novel features of my design reside in the provision of a multi-apertured semi-bright or satin finish panel having a circularly brushed surface effect to present multitudinous varying reflection and moire [2] effects dependent upon ambient lighting and the viewing aspect of the observer * * *."

The references relied on by the examiner and board are:

Mart Magazine, February 1959, page 49, Admiral Pocket Radio, left-hand column.

1. The claim is in formal design form reading:
   "The ornamental design for a radio cabinet substantially as shown and described."

2. Appellant describes the moiré effect as "curlicue light interference patterns."

Mart Magazine, May 1958, page 48, Regency Transistor Radio, left-hand column.

Everybody's Home Workshop Encyclopedia (c) 1948, page 163, metal discs, top of page.

Club Aluminum, catalog slip sheet, form DSA–270, (c) 1952 by Club Aluminum Products Co. griddle, bottom of page.

The 1959 Mart Magazine shows a radio cabinet whose front has a speaker grille, tuning dial and control knob located and proportioned much like appellant's cabinet. A similar cabinet is shown in the 1958 Mart publication, the grille there clearly appearing as a flat panel provided throughout with evenly and closely spaced circular apertures.

Everybody's Home Workshop Encyclopedia discloses a metal panel decorated with overlapping brushed areas, each of which shows radial highlights.

The Club Aluminum reference shows an aluminum griddle with a circularly brushed surface exhibiting radial highlights.

The examiner and board thought that, in view of the Home Workshop Encyclopedia and Club Aluminum reference, it would be obvious to a person of ordinary skill in the art to apply a circular brushed pattern to the perforated grille shown in Mart. In reaching that conclusion, the board took judicial notice that "the visual effect produced by a circularly brushed surface with changed relative positions of a light source and an observer" was common knowledge long prior to appellant's filing date.

To support his allegations that the board erred, appellant advances two principal contentions: That the secondary references are from non-analogous arts; and that his design creates a visual effect distinctly different from any of the references, "particularly in the development of varying moire patterns with variations in viewing angle and ambient lighting."

■ As to the first contention, the question in design cases is not whether the references sought to be combined are in analogous arts in the mechanical sense, but whether they are so related that the appearance of certain ornamental features in the one would suggest application of those features in the other. In re Glavas, 230 F.2d 447, 43 CCPA 797. Thus, we do not think the mere fact that the Home Workshop Encyclopedia and Club Aluminum references are not directed to radio cabinets necessarily proves the board to be in error.

■ However, we do question whether the prior art of record would make appellant's claimed design obvious to one of ordinary skill in the art. Both secondary references show a circularly brushed effect on a solid metal surface. One skilled in the art might expect that such treatment of a perforated grille surface would result in an effect resembling the similarly treated solid surface so far as radial highlights are concerned. We doubt, however, that he would find anything in the references to suggest that a varying moiré effect be provided on a radio cabinet grille or that moiré patterns could be obtained by applying the circular brushed effect to the perforated panel of the prior art radio cabinet. The contribution which the moiré effect makes to the ornamental appearance of appellant's design for a radio cabinet supports our conclusion that what appellant has done would not be obvious within the meaning of 35 U.S.C. § 103.

The decision is reversed.

Reversed.

RICH, Judge (dissenting).

In my opinion the *claimed* design is clearly obvious within the meaning of 35 U.S.C. § 103 and therefore unpatentable.

As to the actual rejection before us and who made it, it was the examiner's position that the design is "rejected for lack of patentable design novelty over the references of record but specifically as lacking patentable design merit * * *": that "no element of design invention would be involved in applying the technique of circularly brushing a metal sur-

face * * * nor would it require an exercise of the inventive faculties," and that the differences from the prior art "do not provide the instant design with any new distinctive or ornamental appearance * * *."

It is something of an oversimplification to say, as did the board, and as does the majority, that all of the foregoing examiner's grounds of rejection constitute a statement that the design would have been "obvious." I am unable to tell what statutory basis the examiner applied, whether 35 U.S.C. §§ 102, 103 or 171, the last-mentioned being the only section he referred to. He definitely seems to have had lack of "design novelty" in mind—whatever that is. The only novelty requirements pertaining to design inventions under section 171 are those of 102, as in the case of other kinds of inventions.

It cannot be gainsaid, and the majority does not attempt to do so, that appellant's design is *primarily* the application to an initially flat, finely perforated panel of the old circularly-brushed effect *commonly* applied to pots, pans, griddles and an infinite variety of other metal or even plastic articles. There is no question but that it looks good on a radio panel, but when metal grilles came into vogue to replace cloth and plastic grilles it seems to me an entirely obvious way to finish them.

The argument which the majority accepts as adequate to take the circularly-brushed effect out of the category of obvious finishing techniques is the moiré effect allegedly produced. I say "allegedly" because I do not believe mere circular *brushing* of a perforated plate will produce that effect. It is there, in an evanescent way, on a sample radio submitted but it would hardly be noticed unless attention were called to it and under most viewing conditions I would not say it is there at all. Something that is *invisible* under most conditions seems a slim thread on which to hang patentability of an *ornamental* design. Furthermore, no moiré pattern is illustrated in the application drawings, wherein the design is supposed to be "shown"—being solely a matter of appearance—nor can one be seen in an illustrative brochure in color submitted at the hearing or its black-and-white reproduction in the record (filed in the Patent Office June 21, 1961).

A peculiar aspect of this case is that this now all-important moiré effect does not, as I indicated, appear to be the result of *brushing* the perforated metal panel, for the submitted radio sample in which the moiré effect may sometimes be seen *does not have a brushed panel*. What the specification describes in words as a "satin finish panel having a circularly brushed *effect*" (my emphasis) produces that "effect" by a *ribbed* surface, not produced by brushing, the rib being spiral and having spacing about equal to the grooves on a 78 r. p. m. phonograph record. I believe that the moiré effect (when present) results from the combined light-reflecting effect of the *ribs* and the interference therewith by the multitudinous fine perforations. I do not believe *brushing* or other abrading commonly used to produce a "circular brushed effect" will produce the moiré effect. The specification does not describe the ribs which do produce the effect or otherwise tell how to obtain it.

Alternatively it might be said that the moiré effect as an aspect of *appearance*, for which alone design patents are granted, is not "shown" but only mentioned in words and being vague, evanescent, and indefinite cannot be relied on for patentability.

I would affirm.